IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAROLD R. LITTLE,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:07-CV-943 TS |

This matter comes before the Court on Defendants' Motion to Dismiss.[1]  Oral argument was held on May 13, 2008.  For the reasons discussed below, the Court will grant this motion.

I.  Factual Background

Plaintiff Harold Little ("Little") was the proprietor of an independent insurance agency. Little asserts claims against Defendants State Farm Mutual Automobile Insurance Co., State Farm Life Insurance Co., State Farm Fire and Casualty Co., and State Farm General Insurance Co. (collectively, "State Farm").  Little contracted with State Farm to place insurance contracts for his clients with State Farm.

---

[1]Docket No. 14.

1

Little worked with State Farm as an insurance agent for more than thirty years, most recently, under the terms of "an Agent's Agreement which sets out the 'objectives, obligations, and responsibilities essential to the relationship between the agent, operating as an independent contractor, and State Farm.'"[2] The Agent's Agreement gave agents broad control over the employees the agent hired to assist in marketing and selling insurance. Little employed licensed staff members at his Provo, Utah insurance office. The Agent's Agreement also contained a provision regarding termination, which stated, in part:

> You or State Farm has the right to terminate this Agreement by written notice delivered to the other or mailed to the other's last known address. The date of termination shall be the date specified in the notice. . . Either party can accelerate the date of termination specified by the other by giving written notice of termination in accordance with this paragraph.[3]

Beginning in 2000, State Farm demanded that all agents with licensed employees enter into new contracts, called Licensed Staff Agreements ("LSA"). The LSA included trade secret and non-compete provisions. Little did not sign the LSA, despite mounting pressure from State Farm to do so.

In *Patricia Adkins v. State Farm Mutual Automobile Ass'n, et al.* (the "*Adkins* case"),[4] several agents around the country, including Little, brought suit against State Farm in California state court, "seeking declaratory and injunctive relief against the imposition of the LSA."[5] The agents argued in that case that the non-compete and trade secret provisions in the LSA breached

---

[2]Cmplt., ¶ 2.

[3]Cmplt. Ex. A, Section IIIA.

[4]No. 00AS07069.

[5]*Id.*, ¶ 11.

2

the Agent's Agreement that was already in place.

In an attempt to compromise with State Farm, Little "offered an executed LSA with an addendum stating that, in signing the LSA, he was reserving his contractual rights under his Agent's Agreement."[6] State Farm rejected Little's offer and terminated Little's Agent's Agreement, effective on October 31, 2001, after which Little was no longer able to operate his business.

The Court of Appeal of California issued a decision on January 4, 2007, concluding that the trade secret and non-compete clauses of the LSA did in fact breach the Agent's Agreement. The court "directed that a final judgment be entered declaring that those LSA provisions constitute a breach of the Agreement and enjoining State Farm from imposing those provisions on agents and their employees."[7] The judgment became final on October 4, 2007. In its opinion, the California court recognized that injunctive relief with respect to Little would be moot because he was no longer employed by State Farm.

II.     Procedural History

Little filed this suit in Utah State Court on October 26, 2007, which was later removed to this Court.[8] Little's complaint asserted three causes of action: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; and 3) unlawful termination of contract in violation of Utah Public Policy: Utah Insurance Code § 31A-23a-402(4). State Farm filed the instant motion.

---

[6] *Id.*, ¶ 13.

[7] *Id.*, ¶ 18.

[8] Docket No. 1.

III.    Discussion

Pursuant to the local rules, "all motions must state grounds for the request and cite applicable rules . . ."[9] State Farm fails to cite the applicable rule in any of its memoranda. However, the Court construes this as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[10]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[11]  But, the court "need not accept conclusory allegations without supporting factual averments."[12]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[13]

In this case, State Farm asserts three bases for dismissal: 1) res judicata; 2) the at-will provision allows for termination of the Agent's Agreement; and 3) the statute of limitations.

---

[9]DUCivR 7-1(b).

[10]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[11]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[12]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[13]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

A.    Breach of Contract Claim

"Under Utah law, unless there is an employment contract with a definite term of duration, the employment is presumed to be at-will."[14] Parties do not dispute that the Agent's Agreement contains an at-will termination provision. State Farm argues that Little's termination was allowable under the Agent's Agreement, regardless of whether res judicata applies with respect to the LSA issues. Little argues that the at-will provision must be read in harmony with the other provisions and that it cannot be used to force a breach of another provision, but cites no law in support of his position.

State Farm cites several cases, including *Touchard v. La-Z-Boy*[15] and *Appling v. State Farm*,[16] in support of its position that the provision in the Agent's Agreement is a valid, at-will provision allowing the termination of the agreement between Little and State Farm for any reason.[17] In *Touchard*, the Utah Supreme Court held noted that "when employment is at-will, either the employer or the employee may terminate the employment for any reason (or no reason) except where prohibited by law."[18] In *Appling*, the Ninth Circuit held that the termination provision in the Agent's Agreement, the same agreement which governs the relationship between State Farm and Little in this case, did not require good cause.[19]

---

[14]*Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1131 (10th Cir. 2001).

[15]148 P.3d 945, 948 (Utah 2006).

[16]340 F.3d 769 (9th Cir. 2003).

[17]Mem. in Supp. at 13 (Docket No. 15).

[18]*Touchard*, 148 P.3d at 948 (quoting *Hansen v. Am. Online, Inc.*, 96 P.3d 950, 952 (Utah 2004) (internal quotations omitted)).

[19]*Appling*, 340 F.3d at 776.

The Court finds that the at-will provision in the Agent's Agreement allowed State Farm to terminate its relationship with Little at any time, with written notice.  Little admits that he received written notice, effective October 31, 2001, and that his relationship with State Farm was terminated.  At oral argument, Little's counsel asserted that Little was told to breach his contract when State Farm required the signing of the LSA, and that his failure to do so was the cause of his termination.  Contrary to this assertion, the California court stated "that Harold Little's Agreement was terminated, not for refusing to execute the LSA, but rather for continuing to allow or direct his employees to act on behalf of State Farm, without first having received written authorization from State Farm to do so."[20]  Even without this clear statement regarding the justification for terminating Little's Agent's Agreement, Utah law is clear that at-will employment can be terminated at any time, for any reason.  Thus, the Court finds that Little's breach of contract claim fails as a matter of law.

B.   Breach of Implied Covenant of Good Faith Claim

Little also argues that State Farm breached an implicit agreement of good faith and fair dealing by imposing the LSA for purely anticompetitive purposes and then terminating his entire agreement when he refused to capitulate.  State Farm argues that the at-will provision governs the termination and that "an implied covenant cannot supersede or negate the express provisions of a contract."[21]

While the implied covenant of good faith and fair dealing cannot be waived, "the degree to which a party to a contract may invoke the protections of the covenant turns on the extent to

---

[20]Reply Mem. at 3.

[21]Reply Mem. at 6 (Docket No. 24).

which the contracting parties have defined their expectations and imposed limitations on the exercise of discretion through express contract terms."[22]  The Ninth Circuit also addressed the implied covenant of good faith and fair dealing with respect to the Agent's Agreement in *Appling*.  The court held that "if the employer's termination decisions, however arbitrary, do not breach . . . a substantive contract provision, they are not precluded by the covenant."[23]

As previously discussed, the Agent's Agreement contained an at-will provision that allowed either Little or State Farm to termination the relationship for any reason, with written notice.  State Farm complied with the requirements of this express provision.  Little cannot impose substantive duties or limits on State Farm beyond those incorporated in the specific terms of their agreement.[24]  Thus, Little's claim for breach of covenant of good faith and fair dealing also fails as a matter of law.

      C.  Unlawful Termination in Violation of the Utah Insurance Code

State Farm argues that Little's statutory claim for unlawful termination is barred by the three-year statute of limitations, or, in the alternative, by the four-year statute of limitations if brought as a common law claim for wrongful termination.  Little argues that his termination claim is timely because it was brought prior to the six-year statute of limitations for actions based on written contract.  He does not address the arguments regarding the three or four-year bar.

Under Utah law, claims based on violations of statutes must be brought within three

---

[22] *Smith v. Grand Canyon Expeditions Co.*, 84 P.3d 1154, 1160 (Utah 2003).

[23] *Appling*, 340 F.3d at 779 (quoting *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) (internal quotations omitted)).

[24] *See Appling*, 340 F.3d at 779.

years.[25]  In this case, Little's third cause of action is based upon an alleged public policy violation in contravention of a statute in the Utah Insurance Code.  The Court finds that (1) Little's termination claim is based on a violation of a statute; (2) that State Farm's termination is the underlying public policy violation; (3) that termination was effective on October 31, 2001; and (4) this suit was filed on October 26, 2007.  Thus, Little's third claim is untimely.  If the Court were to read Little's third claim as a claim sounding in tort, as argued at oral argument by Little's counsel, then the four-year statute of limitations would apply and the claim is untimely.

IV.     Conclusion

Based upon the foregoing analysis, Little's breach of contract and breach of implied covenant of good faith fail as a matter of law.  Further, Little's statutory claim fails as untimely.  It is therefore

ORDERED that State Farm's Motion to Dismiss (Docket No. 14) is granted.  The Clerk of Court is directed to close this case forthwith.

DATED   May 15, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[25] Utah Code Ann. § 78-12-26(4).